UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEFANIA DAIDONE MANIACI, *individually on behalf of herself and others similary situated,*<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>KISS MY FACE CORPORATION, KISS MY FACE, LLC and BYMCMAC CORP.,<br>　　　　　　　　Defendants. | Case No.  1:17-cv-3670<br><br>**NOTICE OF REMOVAL** |

　　　　Pursuant to 28 U.S.C. §§ 1332, 1441(a)(b), and 1446, defendant Kiss My Face, LLC ("KMF" or "Defendant") hereby gives notice of removal of this action.  This court has original jurisdiction over this action under 28 U.S.C. § 1332 because this matter involves citizens of different states and the matter in controversy exceeds the sum of $5,000,000.  In support of this Notice of Removal, Defendant states as follows:

**I.　　INTRODUCTION**

1.　　On May 3, 2017, in the Supreme Court of the State of New York, County of Nassau, Case No. 603855/17, Plaintiff filed a Class Action Complaint alleging (1) Violation of New York GBL § 349 and (2) Violation of New York GBL § 350, arising out of the sale and purchase of cosmetic products in the State of New York.  A true and correct copy of the Complaint is attached hereto as Exhibit A.

2.　　This removal is based upon the Class Action Fairness Act ("CAFA") pursuant to 28 U.S.C. § 1332(d).

3.　　This Court has original jurisdiction pursuant to CAFA because (1) the proposed class has at least 100 putative class members; (2) the class asserts an aggregate amount in controversy of $5,000,000 or more; (3) minimal diversity exists; and (4) no CAFA exceptions apply.  28 U.S.C. § 1332(d).

4. As detailed below, for these reasons, the Court should exercise jurisdiction under CAFA.

## II. PROCEDURAL REQUIREMENTS

5. All procedural requirements related to the removal of this action have been satisfied.

6. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). Defendant was personally served in New York with the Complaint and Summons on May 17, 2017.

7. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached to this Notice of Removal as Exhibit A. Defendant has reviewed the court docket in the Supreme Court for the State of New York, Nassau County, and from such review it appears no additional documents have been filed with the court in this action.

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a Notice of Filing Notice of Removal is being filed with the Clerk of the Supreme Court for the County of Nassau.

9. Upon information and belief, the other named defendants in the action have been served and, for the purpose of CAFA jurisdiction, no other defendants are required to consent to removal. *See* 28 U.S.C. § 1453(b).

## III. THIS COURT HAS JURISDICTION UNDER CAFA

10. The Court has jurisdiction pursuant to CAFA, which amends the federal diversity jurisdiction statute, 28 U.S.C. § 1332, by granting United States District Courts original jurisdiction over any class action that satisfies the following criteria: (a) there is minimal diversity, i.e., any member of the class of plaintiffs is a citizen of a State different from any defendant, 28 U.S.C. § 1332(d)(2)(A); (b) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, 28 U.S.C. § 1332(d)(2), (d)(6); and (c) the proposed class of plaintiffs consists of at least 100 persons, 28 U.S.C. § 1332(d)(5)(B).

### A. CAFA's Requirement of "Minimal Diversity" Is Satisfied.

11. Under 28 U.S.C. § 1332(d)(2)(A), "minimal diversity" exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C.

§1332(d)(2)(A).

12.     By Plaintiff's admission, Plaintiff is a resident of the State of New York (Exh. A, Compl. ¶ 8), and purports to bring the action on behalf of a class of "all persons who purchased Kiss My Face Body Lotion and Kiss My Face Body Wash Products within the State of New York from the beginning of any applicable limitations period through the date of class certification. ('the Class') (*id*. at ¶ 38). As such, Plaintiff seeks to represent a class of consumers that consist of not only New York citizens, but also citizens of any other state that purchased the products in the state of New York.

13.     Defendant KMF Corp., was formerly a corporation organized and existing under the laws of the State of New York, with its principal place of business in Gardiner, New York. (*Id*. at ¶ 10.)

14.     Defendant KMF LLC is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business in Gardiner, New York. (*Id*. at ¶ 11.)

15.     Defendant BYCMAC Corp. is a corporation organized and existing under the laws of the State of New York, with its principal place of business in Gardiner, New York. (*Id*. at ¶ 12.)

16.     Other members of the putative class are alleged to be "all persons who purchased" KMF products anywhere in the State of New York. (*Id*. at ¶ 38.) In other words, the class includes citizens of any other state that have purchased products in New York.

17.     Accordingly, on the face of the Complaint, CAFA's "minimal diversity" requirement is satisfied.

**B.  The Proposed Class Has At Least 100 Members.**

18.     CAFA's requirement of 100 class members is satisfied.  The Complaint alleges members of the class include: "all persons who purchased Kiss My Face Body Lotion and Kiss My Face Body Wash Products within the State of New York" during the class period, (Compl. ¶ 38).

19.     The "Class Products" are alleged within the Complaint to include 6 varieties of Body

3

Lotion and 8 varieties of Body Wash products. (*Id*. ¶¶ 24, 25.)

20.     Further Plaintiff alleges she "believes that there are thousands of consumers who are Class Members." (*Id*. ¶ 44.)

### C. The Amount in Controversy Exceeds $5,000,000.

21.     Although Plaintiff does not allege a specific amount in any damage claim or anywhere in the Complaint, a defendant may establish the jurisdictional amount by establishing a "reasonable probability" that the amount in controversy threshold is satisfied. The defendant need only establish the requisite amount in controversy "with 'competent proof' and 'justify [its] allegations by a preponderance of evidence.'" *United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Properties Meriden Square, Inc*., 30 F.3d 298, 305 (2d Cir. 1994) (alteration in original) (*quoting McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). Defendants may establish these facts by either the allegations in the Complaint or affidavits or other evidence submitted in federal court. *Mehlenbacher v. Akzo Nobel Salt, Inc*., 216 F.3d 291, 296 (2d Cir. 2000) (*citing Davenport v. Procter & Gamble Mfg*. Co., 241 F.2d 511, 514 (2d Cir. 1957)).

22.     The burden of establishing the amount in controversy under CAFA jurisdiction is not an "onerous" burden to satisfy. "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Report on the CAFA of 2005 Dates of Consideration and Passage, S. Rep. 109-14.

23.     Unlike traditional diversity jurisdiction, the amount in controversy under CAFA is determined by aggregating the claims of putative class members. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.") Since CAFA expressly contemplates aggregation, and CAFA's evident purpose is to expand federal jurisdiction, the proper approach to valuing claims which include injunctive relief

4

under CAFA considers the total benefit to the class or the aggregate cost to the defendant.

24. The amount in controversy, in turn, is not the amount the plaintiff will recover, but rather an estimate of the amount that will be put at issue in the course of the litigation. That the plaintiff may fail in its proof, and the judgment be less than the threshold does not prevent removal.

25. Here, the allegations of the Complaint demonstrate that the relief sought by Plaintiff exceeds the $5,000,000 amount in controversy threshold.

26. As set forth above, the Complaint alleges that the number of potential plaintiffs in the class action is in the thousands.

27. In connection with her first claim for relief, Plaintiff seeks on behalf of herself and a class consisting of all consumers that purchased KMF products anywhere in New York, "monetary, compensatory, treble and punitive damages, injunctive relief, restitution and disgorgement of all moneys obtained by" Defendant's alleged conduct, and "interest, and attorneys' fees and costs." (Compl. ¶¶ 63.)

28. In connection with her second claim for relief, Plaintiff seeks recovery of "actual damages or five hundred dollars ($500) for each sale the Products (whichever is greater), injunctive relief, [and] attorneys' fees." (*Id*. ¶ 74.) Accordingly, per Plaintiff's theory of damages, meeting the $5,000,000 would require the sale of 10,000 units of the purportedly offending Products. In the prior 3 years to present, KMF LLC has sold well over 330,000 units. (Declaration of Letitia Baviello, dated June 6, 2017, at ¶ 5.)

29. In prosecuting the two causes of action, and within the prayer for relief, Plaintiff seeks the recovery of attorneys' fees and their costs. (Compl. ¶¶ 63, 74, & p. 16 at C.) Accordingly, attorneys' fees are also properly included in estimating the amount in controversy.

30. Further, although the amount in controversy is not a close question in this case, CAFA's legislative history indicates that even if the Court "is uncertain about whether all matters in controversy in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case." Senate Report

5

on the Class Action Fairness Act of 2005 Dates of Consideration and Passage, S. Rep. 109-14.

31. Defendant has proven jurisdictional facts that make it possible that $5,000,000 is in play. Assuming, *arguendo*, Plaintiff's theory of liability and damages recovery are correct and a New York class were certified as to the 1st and 2nd causes of action as to all Products identified in the Complaint (although it is KMF's position that class certification should be denied), then the total value of the damages Plaintiff seeks for reimbursement on behalf of the purported classes exceeds $5,000,000. This valuation is provided for the purpose of removal and is not indicative of the propriety of class treatment of Plaintiff's claims.

32. Accordingly, all the requirements for removal under CAFA, 28 U.S.C. § 1332(d), are satisfied and this action is properly removed to this Court.

33. Defendant reserves the right to amend and/or supplement this Notice of Removal.

WHEREFORE, for the foregoing reasons, Defendants respectfully remove this action from state court to this Court, and respectfully requests that this Court make whatever orders are necessary to effect the removal of this action from state court to this Court, and to effect the filing of a true record in this cause of all proceedings that may have been had in the state court action.

Dated: June 16, 2017  Respectfully submitted,

CHAFFETZ LINDSEY LLP

By:    /s/ Nathaniel E. Marmon
     Nathaniel E. Marmon
     Joshua D. Anders

1700 Broadway, 33rd Floor
New York, New York 10019
Tel. (212) 257-6948
Fax (212) 257-6950
nathaniel.marmon@chaffetzlindsey.com
jd.anders@chaffetzlindsey.com